*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHIL FORNER,

      Appellant,

v

SPRING LAKE TOWNSHIP and MICHIGAN
TOWNSHIP SERVICES MUSKEGON,

      Appellees,

and

CONSTRUCTION CODE COMMISSION,

      Intervening Appellee.

UNPUBLISHED
May 21, 2025
1:45 PM

No. 370729
Construction Code Commission
LC No. 00-000000

Before: WALLACE, P.J., and RICK and GARRETT, JJ.

PER CURIAM.

Appellant, Phil Forner, is self-represented. He, appeals as of right the final decision of the Construction Code Commission (CCC) denying his request that appellee, Spring Lake Township (the Township), submit its mechanical permit application form to the CCC for review. We dismiss the appeal as moot.

## I. FACTUAL BACKGROUND

On September 27, 2023, Forner applied for a mechanical permit from Michigan Township Services Muskegon (MTSM), a company that the Township had hired to handle permitting for construction projects, among other duties. Forner paid a fee of $155 and scheduled an inspection of the remodel, which included the installation of a duct system, two new gas lines, and an exhaust fan. A dispute over required inspections and fees ensued after MTSM informed Forner that he

was required to submit to a "rough-in"[1] and a gas pressure test. MTSM suspended Forner's permit pending the completion of these additional tasks. Forner paid an additional $100 for the rough-in and gas pressure test. The rough-in was completed on September 28, 2023. However, according to Forner, "[t]he MTSM mechanical inspector did not request that he witness a leak detection fluid being applied to the new gas piping connections." The following day, Forner asked MTSM why the rough-in and gas pressure test were required, pointing out that under MRC G2417.1.2, such tests were not necessary for minor gas pipe additions. MTSM responded that all new installations of gas piping were subject to a rough-in and a gas pressure test. A gas bubble test, involving the use of a liquid to determine whether the gas lines were leaking, was completed on October 11, 2023. Forner had to remove a portion of the subfloor in the kitchen in order for the test to be completed.

In November 2023, Forner appealed to the Township's Construction Board of Appeals (CBA), arguing that the Township's permit form was improper because it was not prescribed by the CCC in accordance with MCL 125.1510(1) of the Stille-DeRossett-Hale Single State Construction Code Act (SSCCA), MCL 125.1501 *et seq*. Forner further argued that being forced to use a permit form that was not prescribed by the CCC caused confusion, delayed work, and resulted in extra expenses, including costs associated with removing a subfloor to conduct the gas bubble test. Forner argued that this was burdensome to him and other contractors. He asked that the CBA submit its mechanical permit form to the CCC and refund the application and inspection fees he paid to MTSM.

After a hearing on the matter, the CBA denied Forner's appeal. The CBA stated, among other things, that the state had not prescribed a mechanical permit application form; that Forner was timely notified about all necessary inspections and fees; that Forner had failed to show that use of the MTSM mechanical permit form was unduly burdensome; and that the CBA had no jurisdiction to grant him relief. It also found no factual or legal basis to refund any of the application and inspection fees, or to require MTSM to reimburse Forner for additional costs incurred after Forner had to remove a subfloor to conduct a gas bubble test.

In December 2023, Forner appealed the CBA's ruling to the CCC. Relevant to this appeal, Forner argued that the Township was using a mechanical permit form that was not authorized by the CCC in accordance with MCL 125.1510(1). Forner contended that the CBA should have obtained a mechanical permit form from the CCC, reasoning that "[h]aving the Construction Code Commission prescribe the application for mechanical permit forms would bring clarity, consistency, and legitimately [sic] to the forms being used by [the Township] and the surrounding jurisdictions." He thus stated that the Township was required "to submit its mechanical permit application form to the Construction Code Commission for approval." Forner asked the CCC to reverse the decision of the CBA and either remand the matter back to the CBA with further

---

[1] A mechanical "rough-in" is the process of installing the basic parts of a mechanical system during construction to ensure that the layout and functionality of the system is operating properly. BuildOps, *Mechanical Rough-In* <https://buildops.com/resources/mechanical-rough-in/> (accessed April 7, 2025).

instructions or direct the Township to secure a mechanical permit application form prescribed by the CCC.

In April 2024, Forner's appeal was reviewed during a CCC meeting. Counsel for the Township argued that Forner's request that all municipalities in Michigan utilize the same form was inconsistent with the CCC's prior actions and not required by law. Counsel further argued that the Township had no authority or jurisdiction to demand that the CCC prescribe a mechanical permit form for the Township's use. Counsel pointed out that at a January 2024 CCC meeting, the CCC had approved of standard "permit and plan review forms" and the use of all "substantially similar" permit forms. Counsel contended that Forner had not argued that the Township's mechanical permit form was not substantially similar to the form approved by the CCC, suggesting that his appeal should be denied on that basis. Counsel additionally argued that the gas pressure test was required and that it was Forner's responsibility to request that the test be completed. Counsel noted that Forner elected to have a gas bubble test done, rather than a gas pressure test, which could have been completed without removing the kitchen subfloor. Counsel argued that any additional expenses incurred were Forner's responsibility.

Forner argued that the CCC was required to approve all mechanical permit forms, including the form used by the Township. Forner asked that the CCC require the Township to submit its mechanical permit form for approval. He additionally argued that, under MRC G2417.1.3, he had to perform a gas bubble test, and could not have simply performed a gas pressure test.

In a final decision, the CCC denied Forner's request that the Township submit its mechanical permit application form for review "because the request does not constitute an actionable appeal, and the request is inconsistent with MCL 125.1510(l) and the Commission's decisions at the January 24, 2024 meeting."[2] The CCC referred Forner's request that the CCC find that the Township erred by requiring a gas pressure test after the rough-in had been completed, as well as for related costs, to the Board of Mechanical Rules for further consideration. This appeal followed.

## II. ANALYSIS

Forner argues that the CBA's decision did not comply with MCL 24.306(1), and that the CCC erred by concluding that his request that the Township present their mechanical permit application to the CCC for review was not an actionable appeal. Conversely, the Township and MTSM contend that this appeal is moot because all work related to the permit has been completed and inspected, and because the CCC has issued blanket approval of the use of permit forms that are substantially similar to those promulgated by the Bureau of Construction Codes (BCC). They

---

[2] The lower court record does not explicitly indicate what the CCC decided at its January 24, 2024 meeting, outside of counsel for the Township indicating that the CCC reviewed a motion to approve permit and plan review forms, as earlier noted. On appeal, the Township and MTSM additionally explain that at the January 2024 meeting, the CCC voted "to approve the permit and plan review forms presented to the Commission by the Bureau of Construction Codes ("BCC") as well as permit and plan review forms that are substantially similar to the Bureau of Construction Codes' forms." Further discussion of the January 24, 2024 meeting is included in Section II.

-3-

additionally contend that there can be no argument that the Township's permit form is substantially similar to the standard BCC form.

This Court reviews de novo "whether an agency's action complied with a statute." *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 88; 832 NW2d 288 (2013). To the extent that this case raises issues of statutory interpretation and the applicability of the mootness doctrine, such questions are also reviewed de novo. *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019).

Generally, an issue becomes "moot if this Court's ruling 'cannot for any reason have a practical legal effect on the existing controversy,' " *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 254; 833 NW2d 331 (2013) (citation omitted), or "when a subsequent event makes it impossible for this Court to grant relief." *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018). We agree that this appeal is moot.

Forner makes no claim for monetary damages on appeal. Even if he had, there is currently no recourse that this Court can offer in terms of monetary damages for costs incurred as a result of the rough-in inspection or gas pressure test, since the CCC referred those issues to the Board of Mechanical Rules. Instead, the driving force behind this case is Forner's belief that the Township violated MCL 125.1510(1) by failing to utilize a CCC-prescribed mechanical permit form.

MCL 125.1510(1) states that applications for building permits "shall be on a form prescribed by the commission and shall be accompanied by payment of the fee established by the enforcing agency." As was explained by the Township below and on appeal, the CCC approved of a BCC-promulgated mechanical permit form as well as all "substantially similar" permit forms in January 2024. Forner admits on appeal that the CCC has the power to prescribe all permit forms. See MCL 125.1505(1) (granting the CCC broad authority to promulgate rules and procedures necessary for the administration and enforcement of the SSCCA, including the ability to approve or prescribe forms). The CCC complied with MCL 125.1505(1) and MCL 125.1510(1) by adopting the BCC form and allowing for the use of substantially similar forms. There is no dispute that the Township's mechanical permit form is substantially similar to the BCC form. Thus, the alleged failure to adhere to MCL 125.1510(1) has been resolved. Under the circumstances, the matter is moot, as there is no relief that this Court could offer to Forner.

Dismissed as moot.

/s/ Randy J. Wallace
/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett